UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| SAFT AMERICA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-35 |
| ) | |
| PRECISION DRAWN METALS, INC. ) | |
| ) | |
| Defendant-Third Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THOMAS STEEL STRIP CORPORATION ) | |
| ) | |
| Third-Party Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| ACUITY, A MUTUAL INSURANCE ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Intervening Defendant. ) | |

---

**ANSWER AND AFIRMATIVE DEFENSES OF PRECISION DRAWN METALS, INC. TO CROSS-CLAIM AND COUNTERCLAIM FOR DECLARATORY JUDGMENT OF ACUITY, A MUTUAL INSURANCE COMPANY**

---

NOW COMES the above-named defendant-third party plaintiff, Precision Drawn Metals, Inc. ("Precision Drawn"), by its attorneys, Menn Law Firm, Ltd., by Attorney Christopher D. Wolske, and for its answer to the Cross-Claim and Counterclaim for Declaratory Judgment of Acuity, A Mutual Insurance Company ("Acuity"), admits, denies, and alleges as follows:

## **PRELIMINARY ALLEGATIONS**

1. Answering Paragraph No. 1, admits the allegations contained in this paragraph.

2. Answering Paragraph No. 2, admits the allegations contained in this paragraph.

3. Answering Paragraph No. 3, alleges a lack of knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts all interested parties to their proof.

4. Answering Paragraph No. 4, objects to this paragraph on the grounds that is sets forth conclusions of law, as opposed to averments of fact, which need not be responded to.  Further answering Paragraph No. 4, denies the allegations contained in this paragraph.

5. Answering Paragraph No. 5, denies the allegations contained in this paragraph and affirmatively states that one or more policies of insurance issued by Acuity provide insurance coverage for plaintiff's claims.

6. Answering Paragraph No. 6, objects to this paragraph on the grounds that is sets forth conclusions of law, as opposed to averments of fact, which need not be responded to.  Further answering Paragraph No. 6, alleges a lack of knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts all interested parties to their proof.

7. Answering Paragraph No. 7, objects to this paragraph on the grounds that is sets forth conclusions of law, as opposed to averments of fact, which need not be responded to.  Further answering Paragraph No. 7, alleges a lack of knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts all interested parties to their proof.

8. Answering Paragraph No. 8, objects to this paragraph on the grounds that is sets forth conclusions of law, as opposed to averments of fact, which need not be responded to. Further answering Paragraph No. 8, alleges a lack of knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts all interested parties to their proof.

## INSURANCE CONTRACT

9. Answering Paragraph No. 9, admits the allegations contained in this paragraph.

10. Answering Paragraph No. 10, affirmatively alleges that the Acuity policies speak for themselves. Further answering Paragraph No. 10, to the extent that any allegations in Paragraph 10 are inconsistent with Acuity's policies, those allegations are hereby denied.

11. Answering Paragraph No. 11, affirmatively alleges that the Acuity policies speak for themselves. Further answering Paragraph No. 11, to the extent that any allegations in Paragraph 11 are inconsistent with Acuity's policies, those allegations are hereby denied.

12. Answering Paragraph No. 12, affirmatively alleges that the Acuity policies speak for themselves. Further answering Paragraph No. 12, to the extent that any allegations in Paragraph No. 12 are inconsistent with Acuity's policies, those allegations are hereby denied.

13. Answering Paragraph No. 13, affirmatively alleges that the Acuity policies speak for themselves. Further answering Paragraph No. 13, to the extent that any allegations in Paragraph No. 13 are inconsistent with Acuity's policies, those allegations are hereby denied.

14. Answering Paragraph No. 14, affirmatively alleges that the Acuity policies speak for themselves. Further answering Paragraph No. 14, to the extent that any allegations in Paragraph No. 14 are inconsistent with Acuity's policies, those allegations are hereby denied

15. Answering Paragraph No. 15, affirmatively alleges that the Acuity policies speak for themselves. Further answering Paragraph No. 15, to the extent that any allegations in Paragraph No. 15 are inconsistent with Acuity's policies, those allegations are hereby denied

16. Answering Paragraph No. 16, affirmatively alleges that the Acuity policies speak for themselves. Further answering Paragraph No. 16, to the extent that any allegations in Paragraph No. 16 are inconsistent with Acuity's policies, those allegations are hereby denied

17. Answering Paragraph No. 17, affirmatively alleges that the Acuity policies speak for themselves. Further answering Paragraph No. 17, to the extent that any allegations in Paragraph No. 17 are inconsistent with Acuity's policies, those allegations are hereby denied

## COUNT I – NO INITIAL GRANT OF COVERAGE

18. Answering Paragraph No. 18, realleges and incorporate herein by reference paragraphs 1-17 of the preceding answer.

19. Answering Paragraph No. 19, denies the allegations contained in this paragraph. Affirmatively states that the allegations set forth in the plaintiff's Complaint trigger an initial grant of coverage under one or more policies of insurance issued by Acuity.

20. Answering Paragraph No. 20, denies the allegations contained in this paragraph.

21. Answering Paragraph No. 21, denies the allegations contained in this paragraph. Affirmatively states that the allegations set forth in the plaintiff's Complaint trigger an initial grant of coverage and Acuity has a duty to defend and indemnify Precision Drawn.

## COUNT II – POLICY EXCLUSIONS PRECLUDE COVERAGE

22. Answering Paragraph No. 22, realleges and incorporates herein by reference paragraphs 1-21 of the preceding answer.

23. Answering Paragraph No. 23, denies the allegations contained in this paragraph.

24. Answering Paragraph No. 24, denies the allegations contained in this paragraph.

25. Answering Paragraph No. 25, denies the allegations contained in this paragraph.

26. Answering Paragraph No. 26, denies the allegations contained in this paragraph.

27. Answering Paragraph No. 27, denies the allegations contained in this paragraph.

28. Answering Paragraph No. 28, denies the allegations contained in this paragraph.

29. Answering Paragraph No. 29, denies the allegations contained in this paragraph.

30. Answering Paragraph No. 30, denies the allegations contained in this paragraph.

31. Answering Paragraph No. 31, denies the allegations contained in this paragraph.

32. Answering Paragraph No. 32, alleges a lack of knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies same and puts all interested parties to their proof.

## AFFIRMATIVE DEFENSES

1. The Cross-Claim and Counterclaim of Acuity, in one or more respects, fails to state a claim upon which relief may be granted.

2. Acuity has a duty to defend and indemnify Precision Drawn for the claims advanced by the plaintiff in this lawsuit.

3. Realleges and incorporates herein by reference the defenses set forth in defendant's Answer to Complaint filed on March 19, 2021, as if set forth at length, so as to avoid waiver of same pending further discovery.

4. This answering defendant reserves the right to plead additional affirmative defenses as the discovery process continues and as justice so requires.

WHEREFORE, Precision Drawn hereby demands judgment as follows:

    A.    Dismissal of Acuity's Cross-Claim and Counterclaim on its merits;

    B.    A declaratory ruling pursuant to 28 USC §§ 2201 and 2202 that Acuity has a duty to defend and indemnify Precision Drawn for the claims advanced in this lawsuit;

    C.    The costs and disbursements incurred in defending this lawsuit and all causes of action set forth herein; and

    D.    Any other remedies the court deems just and equitable.

Dated this 11th day of May, 2021.

Respectfully submitted,

/s/ *Christopher D. Wolske*
Christopher D. Wolske (SBN: 1018108)
Jacob R. Sundelius (SBN: 1096476)
Menn Law Firm, Ltd.
2501 East Enterprise Avenue
P.O. Box 785
Appleton, WI  54912-0785
P:  (920) 731-6631
F:  (920) 734-0981
Email:  christopher-wolske@mennlaw.com
Email:  jacob-sundelius@mennlaw.com

*Attorneys for Defendant-Third Party Plaintiff, Precision Drawn Metals, Inc. regarding insurance coverage only*