IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SAFT AMERICA, INC., | ) |
|     Plaintiff, | ) CIVIL ACTION NO. 21CV35 |
| v. | ) |
| PRECISION DRAWN METALS, INC., | ) |
|     Defendant-Third Party Plaintiff, | ) |
| v. | ) |
| THOMAS STEEL STRIP CORPORATION, | ) |
|     Third-Party Defendant, | ) |
| and | ) |
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) |
|     Intervening Defendant. | ) |

**INTERVENOR DEFENDANT'S, ACUITY, A MUTUAL INSURANCE COMPANY, BRIEF IN OPPOSITION TO PDM'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant, Precision Drawn Metals, has recently fabricated a misleading argument in a dire attempt to improperly obtain the final word regarding insurance coverage issues in this case. In its request for a sur-reply, it falsely claims that Acuity has set forth a "new argument" in its reply brief, and that PDM should therefore be allowed to respond to same. However, not only are PDM's alleged grounds for its request patently disingenuous, but it has also filed its sur-reply prior to obtaining permission from this Court, which is in direct contravention of this Court's local rules and should be ignored and stricken on that basis alone.

On April 26, 2021, a Preliminary Pretrial Conference Order was entered by this Court

setting forth various discovery and motion practice deadlines. (Dkt. #26.) The Order specifically states that all parties are to "follow this [C]ourt's procedure governing [motions for summary judgment]," and that the Court "will not consider any document that does not comply with its summary judgment procedure." (*Id.*) Additionally, the copy of this Court's procedural rules that was filed along with the Order instructs that "[a] responding party may not file a sur-reply without first obtaining permission from the [C]ourt. The [C]ourt permits sur-replies only in rare, unusual situations." (Standard Attachments for Civil Cases Assigned to Judge Peterson, p. 6.) PDM has ignored these rules and simply filed its sur-reply without first obtaining permission to do so.

Aside from its blatant procedural rule violation, PDM's alleged grounds for its motion fail to demonstrate that this is one of the "rare, unusual situations" in which a sur-reply is necessary. "[T]he local rules provide for a motion, a response and a reply, and in the vast majority of cases, this is sufficient." *Groshek v. Time Warner Cable, Inc.*, Case No. 15–C–157, 2016 WL 4203506, at *4 (E.D. Wis. Aug. 9, 2016). "The court does not grant leave to file sur-replies as a matter of course, and they are disfavored." *Tirnanich v. Select Portfolio Servicing, Inc.*, Case No. 17-cv-1142-pp, 2018 WL1247399 at *2 (E.D. Wis., Mar. 9, 2018).

In its response to Acuity's Motion, PDM attempted to support its arguments for coverage by claiming that many of Saft's allegations in this case are grounded in negligence. (*See generally*, Dkt. #84.) Acuity therefore responded to such arguments in its Reply. (*See generally,* Dkt. #122.) PDM now claims that it should be entitled to a sur-reply because "Acuity's Reply Brief is largely reliant upon a new argument that the Court's analysis is limited to allegations in Saft's Complaint." (Dkt. #123, p. 2.) However, anyone reading Acuity's Reply Brief can see that this is not the argument being presented by Acuity to this Court, and in fact, there are numerous instances throughout its briefs where Acuity asks that the Court look beyond the four corners of the

2

Complaint.  (*See generally,* Dkt. #122.)

PDM's claim that this issue somehow presents a "new argument" when it was PDM that opened the door for such a response is entirely disingenuous and inappropriate.  Simply because PDM failed to anticipate how Acuity would respond to such arguments does not now entitle it to a sur-reply.  PDM's request is a blatant attempt to obtain the last word on a motion in which it was not the movant, and its request for a sur-reply should therefore be denied.   *See, e.g., Novoselsky v. Zvunca*, Case No. 17-cv-427-JPS, 2017 WL 3025870 at *4 n.2 (E.D. Wis., July 17, 2017), citing  *C&F Packing Co., Inc. v. IBP, Inc.*, 916 F. Supp. 735, 741 (N.D. Ill. 1995) (rejecting a sur-reply as the non-movant's "attempt to get in the 'last word' " on the motion)).

## CONCLUSION

Based on the foregoing, Acuity respectfully requests that PDM's Motion for Leave to File a Sur-reply be denied.

Dated this 27th day of June, 2022.

Respectfully submitted,

*/s/ Brittany L. Van Roo*
Christine M. Rice (SBN: 1055158)
Brittany L. Van Roo (SBN: 1080096)
Attorneys for Acuity, A Mutual Insurance Company
SIMPSON & DEARDORFF, S.C.
311 East Chicago Street, Suite 410
Milwaukee, WI 53202-5896
P: (414) 273-8550
F: (414) 273-8551
Email:  rice@simpsondeardorff.com
            vanroo@simpsondeardorff.com

s:\active files\cmr\saft\!pleadings\br.opp.surreply.docx